UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )  CRIM. NO. 1:20-cr-240
)
v. ) (Judge Jones)
)
IVAN REMPEL )

INDICTMENT

FILED
HARRISBURG, PA
SEP 3 0 2020
PER _____
DEPUTY CLERK

THE GRAND JURY CHARGES:

INTRODUCTION

1. From at least 1991 to the present, IVAN REMPEL was the president and chief executive of a warehousing company located in Millersburg, Pennsylvania. REMPEL operated the business under the name of "RML," but it has been owned at various times by different companies created by REMPEL. These companies included Outsourcing of Millersburg, Inc. ("Millersburg"), 350 Wiconisco Street of Millersburg, LLC ("350 Wiconsico"), and Outsourcing Storage, Inc. The collective businesses are referred to herein as "the RML businesses."

2. These RML businesses were required by federal law to collect and remit certain employment taxes. These include federal income taxes, medicare and social security taxes (often referred to as

Federal Insurance Contribution Act or "FICA" taxes). These taxes will be referred to in this Indictment collectively as "employment taxes." Under federal law, these businesses were required to remit these employment taxes to the Internal Revenue Service (IRS) within 30 days of the end of each quarter. The RML businesses were also required to file, following the end of each calendar quarter, an Employer's Quarterly Federal Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposits.

3. Ivan REMPEL was the "responsible person," that is, he had the responsibility to collect, truthfully account for, and pay over these employment taxes for the RML businesses. RML businesses habitually failed to pay the employment taxes. In 1998 and again in 2016, REMPEL was personally assessed a Trust Fund Recovery Penalty based on his willful failure to collect, account for and pay over certain portions of his companies' employment taxes.

3. From at least 2011 through 2017, Millersburg and 350 Wiconisco withheld federal employment taxes from employees. Ivan REMPEL caused the majority of these funds to not be remitted to the IRS. In addition, REMPEL caused the majority of the IRS Forms 941 to not be submitted to the IRS.

4. In approximately late 2015, the IRS's Collection Division initiated collection activities on certain RML businesses. And, in January 2017, the IRS issued levies on bank accounts affiliated with the Defendant's businesses to collect the employment taxes, interest, penalties, and Trust Fund Recovery Penalties.

5. In an effort to avoid the IRS levies, and thereby avoid payment of the employment taxes, interest, and penalties, REMPEL utilized a system to minimize the amount of funds in the business accounts. REMPEL caused funds to be withdrawn from RML's business accounts into cashier checks, and he did this shortly after funds were deposited into the accounts. Thereafter, REMPEL caused these cashier checks to be deposited into separate business accounts shortly before

RML's payroll was due. Those funds were then used to make RML's payroll.

6. By concealing these assets, REMPEL evaded the levy activity. When the levy activity began in 2017, the employment taxes, penalties, and interest owed to the IRS was approximately $2,700,000.

Count 1
26 U.S.C. § 7201
(Tax Evasion)

7. Paragraphs 1 through 6 are incorporated into this count by reference.

8. From dates unknown to the grand jury to in or about 2017, in the Middle District of Pennsylvania and elsewhere, the defendant,

IVAN REMPEL,

willfully attempted to evade and defeat the payment of employment taxes due and owing by Outsourcing of Millersburg, Inc. and 350 Wiconisco Street of Millersburg, corporations that had principal places of business in Millersburg, Pennsylvania to the United States of America, for the calendar years 2011 through 2017, and the Trust Fund

Recovery Penalties due and owing by him by committing the following affirmative acts, among others:

    (a)    withdrawing funds from RML business accounts;

    (b)    holding funds in cashier checks until needed;

    (c)    depositing cashier checks into other business bank accounts and quickly depleting the funds with expenses; and

    (d)    wiring funds from business accounts to international bank accounts.

In violation of Title 26, United States Code, Section 7201.

THE GRAND JURY FURTHER CHARGES:

Counts 2-10
26 U.S.C. §7202
(Failure to Account For and Pay Over Employment Tax)

9.    Paragraphs 1 through 6 are incorporated into this count by reference.

10.    Throughout the calendar years 2014, 2015, 2016, and the first quarter of 2017, Millersburg, 350 Wiconisco, and Outsourcing Storage withheld tax payments from its employees' paychecks. But, with the exception of the first and second quarters of 2016, these

businesses did not make full payments to the Internal Revenue Service, which were due quarterly.

11. These businesses further failed to file quarterly employment tax returns (Forms 941) with the Internal Revenue Service. Each Form 941 was due to be filed at the end of the month following the end of each calendar quarter. For example, the Form 941 for the first quarter of 2015 was due on or before April 30, 2015, since the first calendar quarter ended on March 31, 2015.

12. Beginning on or about October 2014, and continuing up to and including on or about May 2017, in the Middle District of Pennsylvania, the defendant,

## IVAN REMPEL,

did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of Millersburg, 350 Wiconisco, and Outsourcing Storage employees, for each of the following quarters, with each calendar quarter constituting a separate count of this Indictment:

Count 2     Third quarter of 2014
Count 3     Fourth quarter of 2014
Count 4     First quarter of 2015
Count 5     Second quarter of 2015
Count 6     Third quarter of 2015
Count 7     Fourth quarter of 2015
Count 8     Third quarter of 2016
Count 9     Fourth quarter of 2016
Count 10    First quarter of 2017

Each of these counts is a separate violation of Title 26, United States Code, Section 7202.

DAVID J. FREED
UNITED STATES ATTORNEY

*/s/ Michael A. Consiglio*
By: Michael A. Consiglio
Assistant United States Attorney

A TRUE BILL:

_____ Foreperson

09-30-2020
Date